UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN SWARTZ, Individually,           :
                                      :
            Plaintiff,                :
                                      :
vs.                                   :   Case No.
                                      :
OSIB 50TH STREET OPERATOR LLC,        :
a Delaware Limited Liability Company, :
                                      :
            Defendant.                :
_____/

**COMPLAINT**
*(Injunctive Relief & Damages)*

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, OSIB 50TH STREET OPERATOR LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and the New York Executive Section 296(2)(a), 296(2)(c) and 297(9) Law Against Discrimination and New York Civil Rights Law §§ 40 and 41, and alleges:

**COUNT I**

1.      Defendant's property, a hotel named CitizenM, is located at 218 West 50th Street, New York, NY 10019, in the County of New York.

2.      Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

4.      Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Ms. Swartz has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate.  Helen Swartz visited the subject hotel and plans to return to the property, pursuant to a confirmed reservation, to avail herself of the goods and services offered to the public at the property, if the hotel is fully accessible and the barriers to access have been corrected.  The Plaintiff has encountered architectural barriers at the subject hotel that prevented her from appropriately checking in to the hotel, using certain amenities and goods and services, and from being afforded a compliant disabled guest room with required disability features, and from using the lavatories in the common restrooms.

5.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as CitizenM, located at 218 West 50th  Street, New York, NY  10019.

6.      Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Helen Swartz desires to visit CitizenM

not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7.     The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of CitizenM has shown that violations exist.  These violations that Ms. Swartz has personally observed or encountered include, but are not limited to:

   a.     The check-in counter and card slot are out of reach to a person using a wheel chair.  This is in  violation of section 7.2 of the 1991 Standards for Accessible Design.

   b.     Accessible seating is not provided in the indoor or outdoor areas.  This is in  violation of section 4.32 of the 1991 Standards for Accessible Design.

   c.     The scanner inside the elevator is out of reach to a person using a wheelchair.  This is in  violation of sections 4.1.3(5) & 4.27.3 of the 1991 Standards for Accessible Design.

   d.     The elevator does not have raised and Braille floor designations on both jambs.  This is in  violation of section 4.1.3(5) of the 1991 Standards for Accessible Design.

   e.     An accessible path of travel was not provided to maneuver around the bed.  This is in  violation of sections 4.3.3 & 9.2.2(1) of the 1991 Standards for Accessible Design.

f.      A path of travel is not provided to the elements inside the accessible guest room.  This is in  violation of sections 4.3.3 & 9.2.2(2) of the 1991 Standards for Accessible Design.

g.      Objects in the accessible guest room require tight grasping, pinching or twisting of the wrist  to operate.  This is in violation of sections, 4.1.3(13) 4.27.4 & 9.2.2(5) of the 1991 Standards for Accessible Design.

h.      The closet rod and shelf is out of reach to a person using a wheel chair. This is in violation of section 4.1.3(12), 4.25.3 & 9.2.2(4) of the 1991 Standards for Accessible Design.

i.      An accessible shower is not provided in the accessible guest room bathroom.  This is in violation of sections 4.1.3(11) & 9.1.2 of the 1991 Standards for Accessible Design.

j.      The flush control is not on the wide side of the water closet in the accessible guest bathroom.  This is in violation of sections 4.1.3(11) & 9.2.2(6) of the 1991 Standards for Accessible Design.

k.      The grab bars by the water closet in the accessible guest bathroom are not properly installed.  This is in violation of sections 4.1.3(11) & 9.2.2(6) of the 1991 Standards for Accessible Design.

l.      An accessible desk is not provided in the accessible guest room. This is in violation of section 4.32.3 of the 1991 Standards for Accessible Design.

m.      The signage by the toilet room door is too high.  This is in violation of section 4.30.6 of the 1991 Standards for Accessible Design.

n.      The flush control is behind the water closets in the hotel toilet rooms. This is in violation of sections 4.1.3(11) & 4.22.4 of the 1991 Standards for Accessible Design

o.      A clear floor space is not provided to access the lavatories in the hotel toilet rooms.  This is in violation of sections 4.1.3(11) & 4.22.6 of the 1991 Standards for Accessible Design

p.      The rear grab bars by the water closets in the hotel toilet rooms are not properly installed.  This is in violation of sections 4.1.3(11) & 4.2.4 of the 1991 Standards for Accessible Design.

      q.    The accessible guest rooms are not dispersed among the various classes of sleeping accommodations available to patrons of the place of transient lodging. This is in violation of section 9.1.4(1) of the 1991 Standards for Accessible Design.

      r.    The hotel does not provide the required amount of accessible guest rooms. This is in violation of section 9.1.2 of the 1991 Standards for Accessible Design.

9.     All of the foregoing violations are also violations of the 1991 Revised Americans with Disability Act Guidelines, and the 2010 Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

10.     The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to

discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13.     Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter CitizenM to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

## COUNT II

## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

16.     Plaintiffs reallege all prior obligations as if fully set forth herein.

17.     New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or *disability* or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

18.     For the purposes of the foregoing paragraph, "discriminatory practice" includes:

A.     A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

B.     A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

C.     A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

19.     Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

20.     Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish, and other injuries.

21.     A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

22.     New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

23.     Defendant's property is a place of public accommodation as defined in §40.

24.     N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

25.     Plaintiff, Ms. Swartz visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

26.     By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or

indirectly, refused, withheld from, and denied to Plaintiff, Swartz, because of her disability, the full enjoyment of its property.

27.     Plaintiff, Helen Swartz, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award Helen Swartz statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Respectfully submitted,

Dated:  July 28, 2015

*/s/  Lawrence A. Fuller*
Lawrence A. Fuller, Esq.  (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
-and-
Paul F. Conzdal, Esq.  (PC-4976)
1330 Avenue of the Americas;  Suite 23A
New York, NY  10019
(212) 688-3637
(646) 924-3406 – Facsimile
condzalesq@msn.com

*Counsel for Plaintiff Helen Swartz*